O'KANE v. McCUEN.

Opinion delivered November 22, 1920.

LANDLORD AND TENANT—CONSTRUCTION OF LEASE.—Where a lessor rented land for four years, the lease stipulating that the lessee agrees to pay the lessor $7 per acre "for each year," provided that after the first year the lessee shall have the option of re-renting and paying the customary cash price for the land, the option was for the lessee's benefit, and where it was not exercised by him, the rental of $7 per acre prevailed during the entire term.

Appeal from Logan Circuit Court, Northern District; *James Cochran*, Judge; affirmed.

*J. D. Benson*, for appellant.

1. The court erred in granting a new trial because it changed its views of the construction to be placed upon the contract, and its *last* construction was error. The

only instruction given was erroneous. The contract is not skilfully drawn and has some seeming contradictions or ambiguities, *but the intention of the parties is clear,* and, in arriving at the intention of the parties, all parts of the contract must be considered, and its terms and provisions must be read and considered in the light of all other parts. 99 Ark. 112; 93 *Id.* 493; 96 *Id.* 320; 94 *Id.* 461; 13 C. J. 525.

2. The contract must so be construed, if possible, *that all its terms* may take effect. 101 Ark. 22; 149 S. W. 518; 18 Ark. 65; 13 C. J. 525. No word in a contract should be treated as surplusage and disregarded if any meaning which is reasonable and consistent with the other parts can be given it. The intention of the parties shall be effectuated. 94 Ark. 461; 28 *Id.* 282. It is clear from the testimony that both parties understood that after the year 1915 the lessee was to pay the customary rent on similar land whether it was higher or lower than $7. Where there is nothing to the contrary in the language of the contract the parties may by mutual consent interpret ambiguous provisions for themselves, and the court must enforce the contract according to that interpretation. 71 So. Rep. 443; 13 C. J. 542, 785. Where two clauses are inconsistent and conflicting, they must be so construed to give effect to the intention of the parties as collected from the whole instrument. 84 Ark. 431. See, also, 53 *Id.* 58; 23 *Id.* 582; 9 Cyc. 579, 587.

3. There was no error in the trial of the case and it was error to grant a new trial. The proof shows that the customary rents for 1916 and 1917 was $7 per acre, and that was the rent paid for those years, but the proof abundantly shows that rents were $10 per acre for 1918, and the judgment should be reversed and judgment entered here on the verdict of the jury.

*Robert J. White,* for appellee.

The contract admits no other construction than that McCuen had the exclusive right to change the amount of rents under the contract and had the right to

hold the land for the entire term of the lease or to refuse to do so as he saw fit. The acceptance of $7 rent for 1916 and 1917 estops O'Kane from claiming more for the year 1918. Appellee was certainly entitled to notice if the rent was to be increased to more than $7. The court's action in sustaining the motion for a new trial had the effect of a peremptory instruction for defendant. The contract admits of no other construction than that Mc-Cuen alone has the exclusive right to change the amount of rents, and he had the right to hold the land for the entire term of the lease or refuse as he saw fit, and the court below put the proper construction on the contract which was the one followed by the parties in their dealings during the entire life of the lease. 185 S. W. 825; 234 Fed. 448; C. C. A 196; 105 S. W. 972; 116 N. E. 971. See, also, 172 Mass. 23; 109 N. E. 730; 29 Id. 623; 61 Ark. 380. Putting the most favorable view for appellant possible, the contract was a lease from year to year. 61 Ark. 380. A notice to quit is necessary to determine a periodical tenancy. Gear on Landlord and Ten., p. 85, § 32; 2 Vroom 133; 70 Ark. 355; 65 Id. 471; 169 Pac. 896. No matter what ground the court sustained the motion for new trial upon appellant has sustained no injury because he could not recover under any phase of the case.

HUMPHREYS, J. This suit was instituted by appellant against appellee to recover an additional $3 per acre on 492 acres in McLean's Bottom in Logan County, under a rental contract entered into between appellant and appellee on the 4th day of November, 1914.

Appellee filed an answer, pleading payment in full of all rents due under the contract, and denying that he owed appellant an additional $3 per acre upon said land for the year 1918.

The cause was submitted to a jury upon the pleadings, evidence and instructions of the court, upon which a verdict was returned and judgment rendered in favor of appellant for $1,282.85.

A motion for a new trial was filed, and, upon hearing, sustained. The judgment was thereupon set aside and the complaint dismissed on the ground that appellant was not entitled to recover on the rental contract. From the judgment dismissing the complaint, an appeal has been duly prosecuted to this court.

The undisputed facts disclosed that appellee entered into possession of the land described in the rental contract and paid appellant $7 an acre therefor as rental for the years 1915, 1916 and 1917, and that for those years the appellant accepted that amount in full settlement of rents due thereon; that, during the year 1918, appellee occupied the premises and advanced appellant $2,600 on rents for that year; that, in August, 1918, he rented the lands for the year 1919 upon the basis of one-fourth of the cotton to be raised and twelve bushels of corn per acre on that portion of the land to be planted in corn; that, on the first Sunday in January, 1919, the parties met for a final settlement of the rentals due for 1918. At that time appellant contended under the provisions of the contract that he was entitled to $10 an acre for the year 1918, and appellee contended that he was responsible under the terms of the contract for only $7 per acre. No settlement was reached between them, and their disagreement resulted in a suit by appellant against appellee for the balance due on the basis of $10 per acre. Appellee tendered and deposited in court the amount of $7 per acre. The controversy therefore involves the question of whether appellee is indebted to appellant, under the terms of the contract, for any amount in excess of $7 per acre. The evidence tended strongly to show that the rental value of the lands in question for the year 1918 was $10 per acre. The circuit court construed the contract to mean that appellant had agreed to take, and appellee to pay, $7 per acre for the use of the land for the year 1918. Was this interpretation correct? In order to determine the question, it is only necessary to set out the following paragraphs of the contract:

1. "The party of the first part (appellant) has this day rented or leased to the party of the second part (appellee), for a period of four years, unless sooner terminated, and under the terms and conditions hereinafter mentioned and set forth, the following described land, towit: all the land of the party of the first part known as the lower farm or the Almond place, situated on or near the Arkansas River in Logan County, Ark., being about five hundred acres, more or less, and except thirty-six acres, more or less, known as the Cobb Earle lease, said lease expiring December 31, 1915, when said lands shall be a part of this lease also.

2. "The said party of the second part agrees to pay the party of the first part the sum of seven dollars per acre for the above described land for each year, provided that after the first year the said party of the second part shall have the option of rerenting and paying the customary cash price per acre, for said land, same being based on prices paid in the immediate vicinity for lands of a like grade.

3. "It is further agreed and understood that the option mentioned above as to the extension of this lease beyond the year 1915 does not carry the right to extend this contract beyond the year 1915, but only the right of the second party to rent or lease on the condition herein mentioned."

Appellant insists that the writing in its entirety constitutes a lease of the lands in question from appellant to appellee for the year 1915, at $7 per acre, with a refusal to appellee to rent the lands for three consecutive years thereafter at the customary cash rental value thereof. We can not so construe the contract because such construction would nullify the four-year rental period provided for in the first paragraph and the provision in the second paragraph to the effect that appellee should pay appellant "the sum of $7 per acre for the land for each year" (referring to the four-year rental period provided in the first paragraph). The first and second paragraphs of the contract point unerringly to

the conclusion that the parties intended the lease to be for four years at $7 per acre, with the refusal on the part of the lessee to pay the customary rental value for the property after the first year instead of $7 per acre. It is also quite clear that the option, or privilege, was for the benefit of the lessee, and not the lessor. As the privilege or option was for the benefit of the lessee, it is apparent that it was the intention of the parties that the price of $7 per acre for the use of the land should prevail through the entire term of the lease, unless the lessee should elect at the expiration of the first year to re-rent the land for the customary cash price per acre, which necessarily meant a lower rental than the $7. per acre provided in the contract. The third paragraph of the contract related to the result or effect in case the lessee elected to take advantage of the option or privilege. The effect was to convert the contract for a term of four years at $7 per acre into a contract for one year at $7 per acre, with the refusal thereafter on the part of the lessee to rent or lease the land at the cash rental value for the balance of the term. It necessarily follows that, unless such election was made by the lessee, the rental agreement of $7 per acre, provided for in the first and second paragraphs, should prevail during the entire term. If this construction be placed upon the third paragraph, it harmonizes it with the first and second paragraphs of the contract. Any other construction would create a conflict between the sections.

No election was made by the lessee to pay the cash rental value of the land at the expiration of the first year, and it was therefore proper for the court to construe the contract, in its application to the undisputed facts of the case, as being a lease for four years at $7 per acre. That amount having been tendered into court by appellee, it was proper to dismiss appellant's complaint.

No error appearing, the judgment is affirmed.